Kultar S. SAINI, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73044.
Agency No. A75–306–960.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 25, 2003.

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

MEMORANDUM**

Kultar S. Saini, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the BIA adopted the IJ's credibility findings, we review the IJ's decision for substantial evidence. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1149–

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

50 (9th Cir.1999). We deny the petition for review.

■ The IJ articulated several reasons relating to Saini's identity in support of her adverse credibility determination. For example, Saini submitted identification that a forensics laboratory determined was altered, signatures that he testified were his appeared strikingly different, and he could not recall details about the All India Sikh Student Federation, in which he claimed longtime membership. Because these inconsistencies go to the heart of Saini's asylum claim, the record does not compel reversal of the IJ's credibility determination. *See Pal v. INS,* 204 F.3d 935, 938 (9th Cir.2000).

■ Because Saini failed to establish eligibility for asylum, he necessarily failed to meet the higher burden required to demonstrate eligibility for withholding of removal. *See Singh–Kaur,* 183 F.3d at 1149.

Because Saini's opening brief fails to advance arguments relating to his eligibility for relief under the Convention Against Torture, we conclude that he has waived such arguments. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259 (9th Cir.1996) ("an issue referred to in the appellant's statement of the case but not discussed in the body of the opening brief is deemed waived").

**PETITION DENIED.**